IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER ROZIER, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00105 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| CASE MANAGER COORDINATOR ) | Chief United States District Judge |
| USP LEE, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Christopher Rozier, a federal inmate proceeding pro se, was previously incarcerated at USP Lee in Pennington Gap, Virginia. He filed this civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the defendants violated his rights under the Eighth Amendment by failing to protect him from being harmed by another inmate at USP Lee. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be summarily dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

On April 24, 2020, officers at USP Lee moved Rozier from general population to the special housing unit ("SHU") after his custody classification level "dropped to 15 points, which is low security." Compl., ECF No. 1, at 2. Rozier alleges that he no longer qualified for placement at USP Lee since it is a "high security" facility. Id. Instead, "he could only be placed one level higher at a medium security [facility]." Id.

On April 27, 2020, prison officials returned Rozier to general population "with no explanation." Id. Approximately six weeks later, on June 9, 2020, another inmate in general

population physically assaulted Rozier, and Rozier "was forced to defend himself until responding officers arrived." Id. During the altercation, the other inmate slashed Rozier's face with a razor blade. Id.

On February 28, 2022, Rozier filed this action against the "Case Manager Coordinator" at USP Lee and an unidentified "Captain." Id. at 1. Rozier claims that he "would have never endured the June 9, 2020 assault and resulting physical injuries" if the defendants had kept him in the SHU at USP Lee or moved him to lower security facility. Id. at 2. He seeks to recover monetary damages from the defendants. Id. at 3.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

The Supreme Court's decision in Bivens "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Iqbal, 556 U.S. at 675 (citation and internal quotation marks omitted).

"In that case and then in two subsequent cases, the Supreme Court allowed plaintiffs alleging certain Fourth, Fifth, and Eighth Amendment violations to proceed under this implied cause of action." Annappareddy v. Pascale, 996 F.3d 120, 133 (4th Cir. 2021) (citing Bivens, 403 U.S. at 396–97; Davis v. Passman, 442 U.S. 228, 248–49 (1979); Carlson v. Green, 446 U.S. 14, 17–19 (1980)); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1854–55 (2017) (describing Bivens, Davis, and Carlson). Since those cases were decided, however, the Supreme Court has "narrowed the circumstances in which a plaintiff may successfully state a claim under the principles established in Bivens." Attkisson v. Holder, 919 F.3d 788, 803 (4th Cir. 2019) (citing Abbasi, 137 S. Ct. at 1857–58); see also Annappareddy, 996 F.3d at 133–38 (discussing and applying the Abbasi framework for determining whether a Bivens remedy is available for a particular claim).

In this case, Rozier claims that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to protect him from being harmed by another inmate. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (explaining that the Eighth Amendment imposes various duties on prison officials, including a "duty . . . to protect prisoners from violence at the hands of other prisoners"). The United States Court of Appeals for the Fourth Circuit has not yet addressed whether failure-to-protect claims can proceed under Bivens. See Attkisson, 925 F.3d at 621 n.6 (declining to decide the issue but noting that "[t]he Supreme Court may have recognized [an additional] Bivens context in Farmer v. Brennan, which sustained a prisoner's Eighth Amendment claim for damages against federal prison officials for failure to protect") (citation omitted). Assuming, without deciding, that a

3

Bivens remedy is available in this context,* Rozier's complaint fails to state a plausible Eighth Amendment claim. See Iqbal, 556 U.S. at 675 (assuming, without deciding, that the respondent's constitutional claim was actionable under Bivens for purposes of determining whether the complaint stated a plausible claim for relief).

To state a failure-to-protect claim under the Eighth Amendment, an inmate must allege facts sufficient to satisfy two elements. First, the inmate "must establish a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury.'" Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (quoting Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010)). Second, the inmate must show that prison officials had a "sufficiently culpable state of mind," which, in this context, means that the officials acted with "deliberate indifference to inmate health or safety." Id. at 346–47 (quoting Farmer, 511 U.S. at 834).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Danser, 772 F.3d at 346 (quoting Farmer, 511 U.S. at 837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"

---

* At least two circuits have held that a Bivens remedy is available for a failure-to-protect claim under the Eighth Amendment. See Hoffman v. Preston, 26 F.4th 1059, 1065 (9th Cir. 2022) (holding that Bivens remedy is available "for a federal prison inmate alleging that a prison guard intentionally targeted him for harm [by another inmate] and failed to protect him from the predicable harm that resulted"); Shorter v. United States, 12 F.4th 366, 373 (3d Cir. 2021) (explaining that "under [Third Circuit] case law and the Supreme Court's longstanding precedent in Farmer, a federal prisoner 'ha[s] a clearly established constitutional right to have prison officials protect him from inmate violence' and has a damages remedy when officials violate that right") (quoting Bistrian v. Levi, 912 F.3d 79, 90 (3d Cir. 2018)); but see Bulger v. Hurwitz, No. 3:20-cv-00206, 2022 U.S. Dist. LEXIS 21833, at *7 (N.D.W. Va. Jan. 12, 2022) (concluding that "failure to protect and failure to intervene claims are not cognizable under Bivens").

Id. (quoting Farmer, 511 U.S. at 837). "It not enough that [the officials in question] should have recognized it; they actually must have perceived the risk." Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 838).

Applying these principles, the court concludes that the allegations in Rozier's complaint are insufficient to state an Eighth Amendment claim against the named defendants. In particular, the complaint does not contain sufficient factual matter from which the court can reasonably infer that the defendants acted with deliberate indifference to Rozier's safety by allowing him to remain in general population at USP Lee. Although Rozier suggests that the defendants should have known that it would not be safe for him to be housed in general population once his security classification changed, it is "not enough" that the defendants should have recognized a risk of harm but failed to do so. Parrish, 372 F.3d at 303. Instead, a plaintiff must show that the defendants had "actual knowledge of an excessive risk to the plaintiff's safety." Danser, 772 F.3d at 347. In this case, the complaint does not plausibly allege that the defendants actually knew that Rozier faced a substantial risk of serious harm or that the risk of harm was "so obvious that the [d]efendants had to know about it." Makdessi v. Fields, 789 F.3d 126, 135 (4th Cir. 2015). Indeed, courts have recognized that "the general risk of violence associated with placement in a higher-security prison does not, in itself, suggest knowledge of a substantial risk of harm." Owens v. Baldwin, 822 F. App'x 490, 491–92 (7th Cir. 2020) (citing Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011)); see also Williams v. Del. Cnty. Bd. of Prison Inspectors, 844 F. App'x 469, 475 (3d Cir. 2021) (holding that the

plaintiff's "allegations that he was housed on the same block as maximum-security inmates and escorted through spaces occupied by them" were "too speculative to make out a failure-to-protect claim," as was "his allegation that he was housed in the same cell with maximum-security inmates"). Because Rozier does not plausibly allege that the defendants "actually knew of and disregarded a substantial risk of serious injury," he fails to state a claim under the Eighth Amendment. Parrish, 372 F.3d at 303.

## IV. Conclusion

For the foregoing reasons, the court concludes that Rozier's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. Based on his status as a pro se litigant, however, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: June 3, 2022

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2022.06.03 13:35:50 -04'00'

Michael F. Urbanski
Chief United States District Judge